8. LIBEL AND SLANDER, § 64*—*truth as a defense.* Truth of the words published constitutes a sufficient defense only when the publication is with good motives and for justifiable ends.

9. LIBEL AND SLANDER, § 134*—*evidence competent to prove meaning of words.* In an action for libel, evidence to show that a person after reading the article withdrew money from the custody of plaintiff, explaining his conduct by stating how he interpreted the article, *held* competent to show the sense in which such person understood it.

10. DAMAGES, § 175*—*when evidence of pecuniary condition of parties admissible.* In an action for libel, evidence is admissible to show the pecuniary circumstances of the defendants, if malice is shown.

11. LIBEL AND SLANDER, § 155*—*when verdict excessive.* In an action for libel, a verdict in favor of plaintiff for twelve hundred dollars, *held* excessive.

---

## Winfield & Elliott Packing Company, Appellee, v. G. H. Cross, Appellant.

### Gen. No. 19,873.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914.

### Statement of the Case.

Action by Winfield & Elliott Packing Company against G. H. Cross to recover money claimed to have been collected for plaintiff and withheld from it by defendant. The affidavit of merits set up the nature of the defendant's defense in the following language:

"That on to-wit, Aug. 5, 1912, this defendant advanced to one H. H. Elliott, the promoter of said corporation and one of the organizers and original stock subscribers thereof the sum of Five Hundred

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

($500.00) Dollars, which said sum is evidenced by one certain judgment note executed by H. H. Elliott, copy of which is hereto attached and which said sum so advanced by this defendant to said H. H. Elliott, was to be used in the building and construction of a certain building, to-wit, Shipping Station at Miami, Florida, and in and about the business of the said plaintiff then in the process of organization and which said sum so advanced to H. H. Elliott, this defendant is informed and believes the fact to be true was used in the construction of said building, to-wit: Shipping Station aforesaid, and which said building this defendant is informed and believes the fact to be true is now used by said plaintiff in and about the said business.''

The court entered an order striking the affidavit from the files and entered judgment as of default against defendant for $515 and costs. To reverse the judgment, defendant appeals.

Charles W. Stiefel, for appellant.

Ralph L. Peck, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Pleading, § 153*—*when affidavit of merits insufficient.* In an action to recover money claimed to have been collected for plaintiff and withheld by defendant, an affidavit of merits stating that defendant advanced to a certain person who was a promoter of plaintiff corporation, etc., *held* properly stricken from the files as not setting forth facts from which acceptance or plaintiff's knowledge of the transaction could be inferred or such fact as constituted a defense.

2. Pleading, § 153*—*essentials for affidavit of merits.* Section 55 of the Practice Act, J. & A. ¶ 8592, requires an affidavit of merits to specify the nature of the defense, and contemplates a statement of facts showing a legal defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.